IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JERRY ALLEN HOWARD,
    Petitioner,

vs.                                      Case No. 5:10cv109/SPM/EMT

EDWIN G. BUSS,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

        This cause is before the court on Petitioner's petition for writ of habeas corpus filed under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a motion to dismiss the petition as untimely, with relevant portions of the state court record (Docs. 21, 23). Petitioner filed a response in opposition to the motion (Doc. 29).

        This matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(b). After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter. It is further the opinion of the undersigned that the pleadings and attachments before the court show that the petition should be dismissed as untimely.

I.    BACKGROUND AND PROCEDURAL HISTORY

        The procedural background of this case is established by the state court record (Doc. 23, Exhibits).[1] Petitioner was charged in the Circuit Court in and for Washington County, Florida, Case No. 06-CF-257, with possession of a firearm by a convicted felon (Ex. H at 43). He pleaded nolo contendere to the charge and was sentenced on December 27, 2006, to seven (7) years of imprisonment (*id.* at 46–75). Petitioner appealed his conviction and sentence to the Florida First District Court of Appeal ("First DCA"). On March 23, 2007, the First DCA dismissed the appeal for Petitioner's failure to respond to an order directing him to pay the filing fee (Exs. B, C).

---

[1] Hereinafter all citations to the state court record refer to the electronically filed exhibits to Respondent's answer (Doc. 23). If a cited page has more than one page number, the court cites to the number at the bottom right of the page.

On July 20, 2007, Petitioner filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Ex. D). He subsequently filed a motion to voluntarily dismiss the motion, which the court granted in an order rendered October 8, 2007 (Ex. E).

On November 6, 2007, Petitioner filed a second Rule 3.850 motion (Ex. F). He again filed a motion to voluntarily dismiss the motion, which the court granted in an order rendered July 8, 2008 (Ex. G).

On December 12, 2008, Petitioner filed a third Rule 3.850 motion (Ex. H at 1–13). On February 9, 2009, the state circuit court dismissed the motion without prejudice for Petitioner's failure to submit his motion under oath, as required by Rule 3.850(c) (*id.* at 26).

On February 17, 2009, Petitioner filed a fourth Rule 3.850 motion, which he titled an "amended" Rule 3.850 motion (Ex. H at 27–39). The state circuit court summarily denied the motion in an order rendered March 19, 2009 (*id.* at 40–42). Petitioner appealed the decision to the First DCA (Ex. H at 76; Ex. I). The First DCA affirmed the lower court's decision per curiam without written opinion on September 22, 2009, with the mandate issuing December 4, 2009 (Exs. K, N).

On April 21, 2009, while the appeal of his fourth Rule 3.850 motion was pending, Petitioner filed a fifth Rule 3.850 motion (Ex. O). On July 8, 2009, the state circuit ordered the motion stricken as facially insufficient and provided Petitioner an opportunity to file a facially sufficient motion within thirty (30) days (Ex. P). Petitioner filed an amended motion on August 5, 2009 (Ex. Q). In an order rendered September 8, 2009, the state circuit court dismissed the motion as untimely and successive (Ex. R). Petitioner did not appeal the decision.

Petitioner filed the instant habeas action on May 5, 2010 (Doc. 1 at 1).

II   ANALYSIS

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214, which became effective on April 24, 1996, a one-year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(1).

    Respondent contends, and Petitioner does not dispute, that the appropriate statutory trigger for the federal limitations period in this case is § 2244(d)(1)(A), the date on which the judgment of conviction became final by the conclusion of direct appeal (*see* Doc. 21 at 4; Doc. 29). The First DCA dismissed Petitioner's direct appeal on March 23, 2007. Assuming, without deciding, that Petitioner was entitled to the 90-day period for seeking review of the dismissal by the Supreme Court, his conviction became final on June 22, 2007. Therefore, applying § 2244(d)(1)(A), Petitioner had one year from that date, or until June 22, 2008, to file his § 2254 petition. *See* Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method," under which limitations period expires on anniversary of date it began to run) (citation omitted). The record establishes Petitioner did not file his federal petition on or before June 22, 2008. Therefore, it is untimely unless tolling principles apply and render it timely.

    Section 2244(d)(2) provides:

    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). In the instant case, Petitioner filed a tolling motion (his first Rule 3.850 motion) on July 20, 2007, after 28 days of the federal limitations period ran. The limitations period was tolled until October 8, 2007, when the state circuit court granted Petitioner's motion to voluntarily dismiss.

    Petitioner filed his next tolling motion (his second Rule 3.850 motion) on November 6, 2007, after an additional 28 days of the limitations period ran. The limitations period was tolled until July 8, 2008, when the state circuit court granted Petitioner's motion to voluntarily dismiss.

    Petitioner's next state court filing was his third Rule 3.850 motion. Respondent contends this motion was not "properly filed" because it did not contain a proper oath (Doc. 21 at 5). Respondent's position is correct. *See* Hurley v. Moore, 233 F.3d 1295, 1298 (11th Cir. 2000) (per curiam) (state post-conviction motion was not "properly filed" under § 2244(d)(2) because it failed

to comply with Florida's written oath requirement); *see also* Delguidice v. Fla. Dep't of Corr., 351 Fed. Appx. 425 (11th Cir. 2009).[2]

Petitioner filed his next tolling motion (his fourth Rule 3.850 motion) on February 17, 2009, after an additional 223 days of the limitations period ran. The limitations period was tolled until December 4, 2009, upon issuance of the First DCA's mandate. *See* Nyland v. Moore, 216 F.3d 1264, 1267 (11th Cir. 2000) (where Florida petitioner appeals trial court's denial of post-conviction application, application remains pending until issuance of the mandate by the appellate court).

Petitioner's fifth Rule 3.850 motion did not provide any tolling benefit for two reasons. First, it was filed and resolved during the pendency of his fourth Rule 3.850 motion. Second, it was not "properly filed" because it was dismissed as untimely. *See* Allen v. Siebert, 552 U.S. 3, 128 S. Ct. 2, 169 L. Ed. 2d 329 (2007). The federal limitations therefore ran from December 4, 2009, until it expired 86 days later, on March 1, 2010 (28 days + 28 days + 223 days + 86 days = 365 days). Petitioner's federal petition, filed on May 5, 2010, was therefore untimely.

Petitioner asserts he is entitled to equitable tolling of the federal limitations period because he was unaware of the availability of federal habeas relief until February of 2010 (Doc. 29 at 3–4). He states as soon as he discovered it, he began researching the steps necessary to filing his petition (*id.*). Petitioner further asserts he misunderstood the commencement date of the limitations period; that is, he believed the one-year filing period began on the date his state court remedies were exhausted, December 4, 2009 (*id.* at 4).

A petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)) (internal quotations omitted); *see also* Hunter v. Ferrell, 587 F.3d 1304, 1308 (11th Cir. 2009) (citation omitted). Because equitable tolling is "an extraordinary remedy," it "is limited to rare and exceptional circumstances" and "typically applied sparingly." Lawrence v. Florida, 421 F.3d 1221, 1226 (11th Cir. 2005). Thus, the Eleventh Circuit has concluded that equitable tolling is available only "'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" *Id.* (quoting Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The burden of establishing entitlement to this extraordinary remedy rests with Petitioner. *See* Wade v. Battle, 379 F.3d 1254, 1264–65 (11th Cir. 2004); Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

---

[2] The undersigned cites Delguidice only as persuasive authority and recognizes that the opinion is not considered binding precedent. *See* 11th Cir. R. 36-2.

Petitioner's unawareness of the availability of federal habeas relief and his misunderstanding of how the federal limitations period is calculated are not extraordinary circumstances.  *See* Wakefield v. Railroad Retirement Board, 131 F.3d 967, 969 (11th Cir. 1997) (ignorance of the law "is not a factor that can warrant equitable tolling"); *see also* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (neither inmate's ignorance of the law, nor inadequacy of services of inmate law clerk who helped draft habeas petition, nor fact that prison law library was closed for 15 days, entitled petitioner to equitable tolling of limitations period); Holloway v. Jones, 166 F. Supp. 2d 1185 (E.D. Mich. 2001) ("Claims that a petitioner did not have professional legal assistance are not an extraordinary circumstance which would toll the statute of limitations.").  Furthermore, Petitioner does not allege he made any effort to file his federal petition in a timely manner or to even attempt to discover the deadline for doing so.  *See, e.g.*, Bell v. Sec'y, Dept. of Corrections, 248 Fed. Appx. 101, 104–05 (11th Cir. 2007) (prisoner did not show diligence because there was no evidence that prisoner attempted to access the prison library or determine the applicable limitations period until after it expired); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) ("Mr. Miller has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.).  Therefore, he has failed to show he is entitled to equitable tolling.

Finally, Petitioner has failed to show he is entitled to review under any of the exceptions to the time bar.  Although he asserts a manifest injustice would occur if he did not receive federal review of his claims (*see* Doc. 29 at 3–4), he has failed to satisfy the applicable standard.  To satisfy the miscarriage of justice exception to a procedural bar, "the habeas petitioner must show that a constitutional violation has probably resulted in the conviction of one who is actually innocent." Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995) (internal quotation and citation omitted).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* To be credible, "such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.*, 513 U.S. at 324.  In the instant case, Petitioner does not allege the existence of new reliable evidence demonstrating his innocence.  Therefore, he is not entitled to federal review through the "fundamental miscarriage of justice" gateway to the procedural bar.

III.    CONCLUSION

Based upon the above discussion, the undersigned concludes that Petitioner filed the instant § 2254 petition beyond the one-year statutory limitations period.  Furthermore, he has failed to demonstrate that any tolling provisions render his petition timely, or that he is entitled to review

under any exception to the time bar. Therefore, the § 2254 petition should be dismissed with prejudice as time-barred.

IV.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That Respondent's motion to dismiss (Doc. 21) be **GRANTED**.

2.      That the petition for writ of habeas corpus (Doc. 1) be **DISMISSED** with prejudice as untimely.

3.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 29th day of June 2011.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:10cv109/SPM/EMT